■ MARTIN J. SIEGEL, Appellant, v J.P. MORGAN CHASE & CO. et al., Respondents. [960 NYS2d 104]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 24, 2012, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

Delaware law governs the issue of whether pre-suit demand in this derivative action is excused (see *Hart v General Motors Corp.*, 129 AD2d 179, 182-183 [1st Dept 1987], *lv denied* 70 NY2d 608 [1987]). Contrary to plaintiff's contention, the choice of law analysis based on the grouping of contacts is inapplicable (see *Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 301 [1st Dept 2003]), and the fact that the defendant Morgan enti-

ties have their principal places of business in New York City is irrelevant (*see e.g. Simon v Becherer*, 7 AD3d 66, 71 [1st Dept 2004]). We need not address whether plaintiff set forth particularized facts to show demand futility (*see Brehm v Eisner*, 746 A2d 244, 254 [Del 2000]), since he failed to address this issue in his appellate briefs. We note, however, that the motion court correctly found that plaintiff failed to set forth particularized facts to show that the directors were not independent or could be subject to liability for decisions beyond the scope of the business judgment rule.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick and Abdus-Salaam, JJ.